UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

WILLIAM MAHAN,                              CASE NO.:

      Plaintiff,

v.

ELECTRONIC DOOR-LIFT, INC.,
a Florida Profit Corporation,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, WILLIAM MAHAN ("Mr. Mahan" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, ELECTRONIC DOOR-LIFT, INC. ("EDL" or "Defendant"), a Florida Profit Corporation, and states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA"), Florida's Private Whistleblower Act ("FWA"), Florida's workers' compensation retaliation statute ("WCRS") at Section 440.205, Florida Statutes, and for a breach of contract, to recover from Defendant unpaid wages and other contractual and consequential damages, interest, overtime compensation, an additional equal amount as liquidated damages, lost wages, benefits, compensatory damages, including front pay and back pay and emotional distress damages, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

2. This Court has original jurisdiction over Plaintiff's FLSA claim pursuant to 28

U.S.C. § 1331 and § 1337(a).

3. This court also has supplemental jurisdiction over Plaintiff's FWA, WCRS, and breach of contract claim, as they arise out of the same operative facts and circumstances as Plaintiff's FLSA claim.

4. Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Broward County, Florida.

## PARTIES AND FLSA COVERAGE

5. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

6. At all times material hereto, Defendant was, and continues to be, a Florida Profit Corporation located in Broward County, Florida, and continues to be engaged in business in Broward County, Florida.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

8. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, the FWA, and WCRS.

10. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

11. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times relevant hereto, Defendant was primarily engaged in the provision of among others, garage door installation, gate service and repair, and gate maintenance services in, among other places, Broward County, Florida.

14. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as hurricane garage doors, entrance gate doors, access systems, and barrier arms, but which had come to rest within its location in Broward County, Florida.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

16. Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is a covered employer as defined by the WCRS and FWA.

## STATEMENT OF FACTS

17. Plaintiff worked for Defendant from October of 2015, until September 17, 2021, most recently as an hourly paid Salesman.

18. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

19. Mr. Mahan was not exempt from overtime under the FLSA and should have been paid his full and proper overtime compensation.

20. Mr. Mahan had no authority to hire or fire employees of EDL.

21. Mr. Mahan had no authority to discipline employees of EDL.

22. Mr. Mahan had no authority to determine the schedules to be worked by any employees of EDL, or to change their schedules.

23. Mr. Mahan had no authority to set rates of pay for other employees or agents of EDL.

24. Mr. Mahan had no input into performance reviews of other employees or agents of EDL.

25. All of Plaintiff's major decisions had to be cleared in advance by one of EDL's supervisors.

26. Mr. Mahan was closely monitored by EDL's managers and supervisors at all times.

27. Plaintiff followed procedures established by EDL and did exactly as he was instructed to do.

28. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

29. Defendant offered Plaintiff an hourly rate of $20.00 per hour.

30. In addition, EDL would pay him 2% sales commissions for commercial jobs and 3% for all jobs sold by Plaintiff.

31. Plaintiff accepted Defendant's offer.

32. The foregoing created an enforceable contract under Florida law and Plaintiff continued to work on this basis.

33. Plaintiff commenced work for Defendant in consideration of Defendant's offer of compensation and employment.

34. Defendant paid Plaintiff at the hourly rate of $20.00 per hour.

35. Defendant paid Plaintiff at an overtime hourly rate of $30.00 per hour.

36. Plaintiff regularly worked fifty-five (55) or more hours per week for Defendant.

37. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

38. Additionally, Defendants' automatically deducted a thirty (30) minute meal break from Plaintiff, although Plaintiff did not actually take these breaks, or take them uninterrupted.

39. At all times relevant, Defendant failed to keep and maintain accurate records of all hours worked by Plaintiff.

40. Additionally, Defendant materially breached its agreement with Mr. Mahan by failing to pay him for all commissions earned according to the above-detailed agreed percentages on various jobs.

41. As to Mr. Mahan's termination, on September 8, 2021, Mr. Mahan arrived at the Davie, Florida job site.

42. At the Davie, Florida jobsite, EDL employees were regularly drinking alcohol on the job and intoxicated during working hours.

43. On September 8, 2021, Mr. Mahan suffered a workplace injury caused by EDL's employee failing to properly follow proper Lockout/Tagout (LOTO) procedure due to being intoxicated, which is in violation of OSHA safety regulation and considered an OSHA recordable incident.

44. That same day, Mr. Mahan notified EDL's President, Jackie Trout, of his workplace injury and that it was caused by EDL's employee violating OSHA safety regulations for unsafely operating machinery while intoxicated.

45. In doing so, Mr. Mahan engaged in protected activity under the FWA and WCRS.

46. In response, Jackie Trout, ignored Mr. Mahan's workplace injury and inquiry into workers' compensation benefits, and his objection regarding EDL's violation of OSHA safety regulations.

47. EDL did not investigate further into the OSHA safety violations to remedy same.

48. That day, Mr. Mahan stayed home to treat his injuries.

49. On September 17, 2021, Mr. Mahan objected to Jackie Trout and EDL's Vice President, Travis Trout, that EDL was violating the FLSA by not properly paying him for all overtime hours worked, that EDL materially breached their Agreement for failing to pay all commissions owed which had already vested, and that EDL was denying him workers' compensation benefits.

50. Mr. Mahan engaged in protected activity under the FLSA, WCRS and the FWA.

51. In response, Jackie Trout and Travis Trout asked Mr. Mahan to take the week off and promised to "take care of it."

52. At that time, Jackie Trout and Travis Trout effectively terminated Mr. Mahan's employment with EDL.

53. Mr. Mahan was no longer scheduled to work with EDL.

54. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA, objected to EDL's violation of OSHA regulations, and in retaliation for seeking workers' compensation benefits following his workplace injury.

55. There is an extremely close temporal proximity/nexus between Plaintiff engaging

in protected activity under the FLSA, FWA, and the WCRS, and his termination shortly thereafter.

56. Plaintiff has been damaged as a result of Defendant's retaliation and termination of his employment.

57. As a result of Defendant's unlawful and retaliatory termination of his employment, Plaintiff has suffered severe emotional distress.

58. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

59. Defendant violated Title 29 U.S.C. §207 in that:

   (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

   (b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   (c) Defendant failed to maintain proper time records as mandated by the FLSA.

60. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

61. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering

payment for all overtime worked under the FLSA.

62. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

63. Based on the allegations in Paragraphs 61-63, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

64. As to his FWA Claims, Plaintiff's objections were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Mr. Mahan as a whistleblower under the law.

65. Plaintiff was terminated in direct retaliation for reporting and objecting to Defendants' unlawful actions, or what he reasonably believed to be unlawful actions, in violation of Section 448.102(3), Florida Statutes. *See Aery v. Wallace Lincoln-Mercury, LLC,* 118 So. 3d 904, 916 (Fla. 4th DCA 2013).

66. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

67. Plaintiff reincorporates and re-alleges paragraphs 1, 2, 4 through 28, 34 through 39, 58 through 63, and 66 of the Complaint as though fully set forth herein, and further alleges as follows:

68. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

69. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

70. Plaintiff was not an exempt employee as defined by the FLSA.

71. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

72. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Award Plaintiff pre-judgment interest; and

    f. Order any other and further relief that this Court deems just and proper.

## **COUNT II**

## **UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)**

73. Plaintiff reincorporates and re-alleges Paragraphs 1, 2, 4 through 28, 34 through 39, 41, 49 through 63, and 66 of the Complaint as though set forth fully herein, and further alleges as follows:

74. Plaintiff objected to Defendant's illegal pay practices to which he was subjected by Defendant, and asserted violations of the FLSA.

75. Shortly thereafter, Defendant illegally terminated Plaintiff from his employment in violation of 29 U.S.C. § 215(a)(3).

76. Plaintiff was terminated for no other reason than his objections to Defendant's illegal pay practices.

77. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

78. The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

79. In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a

grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in his favor and against Defendant for his actual and compensatory damages, including front pay and back pay and emotional distress damages, for liquidated damages, as well as for his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

80. Plaintiff reincorporates and re-alleges Paragraphs 1, 3 through 6, 28, 34 through 39, 41 through 66 of the Complaint as though set forth fully herein, and further alleges as follows:

81. On September 17, 2021, Defendant illegally terminated Plaintiff from his employment in violation of Fla. Stat. § 448.102(3).

82. Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what he reasonably believed to be illegal activity, being conducted by Defendant.

83. Plaintiff objected to a violation of a law, rule, or regulation, or what he reasonably believed to be a violation of a law, rule, or regulation, and was fired as a direct result of same, which constitutes a violation of the FWA.

84. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### VIOLATION OF WCRS

85. Plaintiff reincorporates and re-alleges Paragraphs 1, 3 through 6, 9, 16, 17, 41 through 46, 48 through 57, and 66 of the Complaint as though set forth fully herein, and further alleges as follows:

86. On or around September 17, 2021, Defendant terminated Plaintiff from his employment in violation of the WCRS.

87. Plaintiff was retaliated and terminated in violation of the WCRS for pursuing his legal rights to workers' compensation benefits.

88. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, declaratory and injunctive relief and such other relief deemed proper by this Court.

### COUNT V – BREACH OF CONTRACT/AGREEMENT

89. Plaintiff reincorporates and re-alleges Paragraphs 1, 3 through 6, 17, 29 through 35, 40, 49, and 66 of the Complaint as though set forth fully herein, and further alleges as follows:

90. Plaintiff and Defendant entered into legally enforceable Agreement under Florida law.

91. Plaintiff performed the necessary work under the Agreement to vest the wages to which he was verbally entitled, and in consideration of Defendant's offer and Plaintiff's acceptance of same.

92. Plaintiff has been damaged due to Defendant's willful failure to pay Plaintiff the appropriate agreed upon commission, and by breaching the said Agreement.

93. Pursuant to § 448.08, Florida Statutes, Plaintiff is entitled to costs of this action and his reasonable attorney's fees.

**WHEREFORE**, Plaintiff requests judgment against the Defendant for damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 28th day of April, 2022.

Respectfully submitted,

**By: /s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243

Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*